[No. 10937.  Department One.  October 18, 1913.]

SCANDINAVIAN AMERICAN STATE BANK, *Respondent,* v. JOHN M. DOWNS *et al., Appellants.*[1]

APPEAL—REVIEW—EXCEPTIONS—REASONS FOR ORDER. A statement of the reasons for granting a confirmation of a mortgage foreclosure sale is unnecessary and need not be excepted to, where appellant excepted to the order of confirmation.

MORTGAGES—FORECLOSURE—SALE—BIDS—REDUCTION—IRREGULARITY. Where, on a foreclosure sale, the plaintiff made specific bids, and the officer in charge of the sale awarded the property to him, it is an irregularity that will avoid the sale for the officer, in making up his return of the sale, to reduce the amount of the bids in the sum of one thousand dollars, upon the statement that plaintiff made a mistake in figuring the amount of the judgment and intended to bid less.

SAME—SALE—IRREGULARITIES — OBJECTIONS — WHEN TO BE MADE. It is not incumbent upon the defendants to attend a foreclosure sale, or to make objection to the officer of irregularities occurring at the sale, the time to make objection being upon motion to confirm.

SAME—IRREGULARITIES—PREJUDICE. Where an irregularity in reducing the amounts bid at a foreclosure sale resulted in increasing the amount of a deficiency judgment, the defendants are prejudiced thereby and may object to confirmation of the sale.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered September 17, 1912, confirming a sale on execution, after a hearing before the court. Reversed.

*D. R. Glasgow,* for appellants.

*Chas. N. Madeen* and *Samuel R. Stern,* for respondent.

[1]Reported in 135 Pac. 807.

MOUNT, J.—This appeal is from an order of the superior court of Spokane county confirming a sale of real estate. The real estate was sold on an order issued upon foreclosure of certain mortgages. It appears that the property was sold in three parcels. The property was bid in by the plaintiff in the foreclosure action. When the property was offered for sale in different parcels by the sheriff, the attorney representing the plaintiff made specific bids for each parcel, and the property was declared purchased by the plaintiff at the sums bid. Thereafter, the attorney for the plaintiff discovered that, in figuring the amount due upon the judgment, he had bid more than he intended to bid, amounting, in the aggregate, to nearly a thousand dollars. The sheriff, in his return of sale, reduced the amount bid at the sale to the amount which the attorney says he intended to bid, and made return accordingly. The defendants, upon the return of the sale, objected to the confirmation thereof, upon the ground that the bid which was made at the sale was in excess of the return as shown by the officer. The court, after hearing the affidavits filed by the respective parties showing the facts, entered an order confirming the sale. This order, after reciting that the sale is in all respects confirmed, recites: .

"It having been expressly requested by counsel for the defendants Downs that the court state its reasons for granting a confirmation herein, the following reasons are herewith given: .

"(1)   That it appears from the return and affidavits that at the time of the making of the sale, it was announced by counsel for the plaintiff that a mistake had been made in calculating the amount due under the mortgages, and for the different advancements made as shown by the complaint, and that said amounts would be corrected so as to have the respective bids approximate the amount due to the plaintiff.

"(2)   That the said plaintiff did apportion the different amounts in an equitable manner and so as to include only the amount due on the various mortgages, together with the additional costs and charges paid by the plaintiff.        .

"(3)   Because there was no objection made at the time of the sale to the reduction of the bids, after it was found by the attorney for the plaintiff that an excessive amount due had been figured.

"(4)·  Because the attorneys who were in attendance made no objection whatever to the said sale, and were subsequently notified of the changes that were made.

"(5)   That no injury is shown by any of the said defendants to have occurred by reason of the changes thus made in the said bids.

"Dated this September 17th, 1912.

"To which order defendant Downs and wife except."

The respondent moves to dismiss the appeal because no exceptions were taken by the appellants to the reasons stated by the court.  It is argued that the reasons given are findings of fact and are required to be excepted to.  It is apparent upon the face of the order that these reasons were given by the court so that counsel might know on what grounds the order had been made.  The statute does not require the court to state his reasons.  It was therefore unnecessary for the court to do so, and it was equally unnecessary for the appellants in this case to take exceptions thereto.  They excepted to the order which was made, and that is sufficient.  The motion to dismiss is therefore without merit.

The record in the cause conclusively shows that, at the time of the sale, the respondent, represented by its counsel, made specific bids for each piece of property, and upon these bids the officer in charge of the sale awarded the property to the purchaser.  Thereafter, in making up his return of sale, he reduced the amount of the bids in the aggregate by nearly one thousand dollars, on the statement of counsel that he intended to bid less than the amount of the judgment, and that he had made a mistake in figuring the total amount due upon the judgment.  The officer thereupon made the reduction as requested by counsel for the respondent.  It seems too plain for argument that this was such an irregularity as would void the sale, and that it was the duty of the court, upon this show-

ing, to refuse a confirmation of the sale and to order a new sale. The court was of the opinion, and it is argued here, that because the parties defendant, or some of them, were present at the sale and made no objection, that they waived the irregularity. It seems plain that it was not the duty of the parties to attend the sale or to make any objection to any of the proceedings at that time. It was the duty of the officer to conduct the sale in a regular manner; and the fact that the parties were there and made no objections cannot be taken advantage of upon motion to confirm. If the parties discovered irregularities at the sale, the time and place to make objections was at the confirmation, as was done in this case.

It is also argued that no injury was shown by reason of the reduction of the bid upon the officer's return of sale. The judgment in the foreclosure case upon which the sale was made provides: "And that in case of any deficiency arises by reason of said sales, that for the amount of said deficiency this plaintiff may have a judgment against the said defendants John M. Downs and Celia Downs." The return of the officer making the sale shows that the total amount of the judgment was $9,498.42; that the total amount bid for the property sold was $5,600, leaving a deficiency of $3,898.42. The fact that the amount bid at the sale was greater by nearly $1,000 clearly made a difference of that amount in the deficiency which was authorized to be entered against these appellants. It is plain, therefore, that the appellants were injured by reason of the reduction as made by the officer conducting the sale.

The order of confirmation is therefore reversed, and the cause remanded with directions to the court to order a new sale.

CROW, C. J., GOSE, CHADWICK, and PARKER, JJ., concur.