[No. 15128.  Department One.  March 12, 1919.]

BEULAH MEADOR, *Respondent,* v. T. A. STEPHENS *et al., Appellants.*[1]

RECEIVERS (58)—SALE OF PROPERTY—PUBLIC AUCTION—POWER TO CANCEL HIGH BID. A receiver, ordered to make a sale at public auction, who was unable to consummate the sale to the highest bidder, cannot by private arrangement sell to the low bidder, but must proceed against the highest bidder or take steps for a resale.

SAME (60)—SALES—VALIDITY—RETURN. A receiver's sale is defective where the return is not made within the time limited.

Appeal from an order of the superior court for Clarke county, Back, J., entered June 8, 1917, confirming a receiver's sale.  Reversed.

*Henry Crass,* for appellants.

MACKINTOSH, J.—To settle the various claims of parties to this action, who are interested in certain real estate and personal property, a receiver had been appointed for the property, and by decree of the court he was ordered to sell such property at public auction, subject to a mortgage foreclosure right, the sale to be made for the purpose of paying the claims, the re-

[1]Reported in 179 Pac. 95.

ceiver's compensation, the costs of the receivership; the sale to be made according to law, and at least seven weeks after the date of the entry of the decree; the receiver to make a full return of his proceedings on the sale ten days thereafter. Proper notices of the sale were published and posted and the sale was had, and upon the return of such sale by the receiver, an order was entered by the court affirming the sale, and from that order this appeal is taken.

The report of the sale upon its face shows that the sale was irregular; that three bids were made at the time of the sale, and that the receiver, after a few days' delay, sold the property to the lowest bidder, and that the return of the sale was not made until some nineteen days after the holding of the sale. The report attempts to explain the sale to the lowest bidder by reciting that the highest and second bidder entered their bids without any idea of paying cash for the property, and the court found that the lowest bidder was the only one at the sale who had the money to make good his bid. For the sale to comply with the order authorizing it, it was necessary that it be made at public auction. The facts as disclosed by the report here show that the property was not sold at public auction, for, at the public auction, there was no sale to the lowest bidder but that the receiver, after having sold to the highest bidder, allowed that sale to be cancelled and thereafter, by private arrangement, sold it to the lowest bidder. When the receiver was unable to consummate the sale to the highest bidder, he should have then made his report to the court, which would have proceeded to order a resale of the property.

We have held in the case of *Scandinavian American State Bank v. Downs,* 76 Wash. 62, 135 Pac. 807, that

the officer making a sale cannot allow a reduction of the amount of the bid after it has been made, even though the amount bid was shown to have been a mistake. The same principle applies here, and the only course open to the receiver was to have either compelled the highest bidder to make good his offer or to have taken the necessary steps to provide for a resale. Another defect in the sale was that the receiver did not make his return within the time specified in the decree.

The order of confirmation will be set aside.

CHADWICK, C. J., MITCHELL, TOLMAN, and MAIN, JJ., concur.